**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3680-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

NERI R. SANCHEZ, a/k/a
PAUL A. ROTHMALLER,
NARRY SANCHEZ, and
NESS SANTIAGO,

     Defendant-Appellant.

_____

Submitted February 26, 2024 – Decided March 26, 2024

Before Judges Gilson and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 15-06-0684.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Stephen

Christopher Sayer, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Neri R. Sanchez appeals from a June 30, 2022 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. He contends that his appellate counsel was ineffective in not sufficiently briefing and arguing that defendant was prejudiced by the admission of certain parts of the statement he gave to the police that were then presented to the jury. We reject that argument and affirm.

A jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3(a)(1) to (2), and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). The weapons conviction was merged into the murder conviction, and defendant was sentenced to sixty years in prison, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant filed a direct appeal challenging his conviction and sentence. One of defendant's primary arguments on direct appeal was that the trial court erred in admitting and presenting to the jury the portions of defendant's interrogation that contained irrelevant and prejudicial discussions about drugs and gangs. We held that although the references to drugs and gangs should not have been admitted, the admission was harmless error. See State v. Sanchez,

No. A-4236-17 (App. Div. Jan. 2, 2020) (slip op. at 11, 12). In that regard, we explained:

> We hold that the references to drugs and drug paraphernalia were harmless error for two related reasons. First, the other evidence against defendant was strong. That evidence included testimony from two witnesses who were present at the time of the murder and one of the witnesses was sitting next to the victim when defendant shot the victim in the back of his head. . . . Second, and more importantly, the trial court gave a curative instruction concerning the drugs.
>
> [Id. at 11.]

We also held that the reference to gang affiliation was harmless error. Id. at 12. We noted that both defense counsel and the prosecutor agreed that the references to gangs in defendant's interrogation were limited. Ibid. Accordingly, defense counsel elected not to have the court give a curative instruction because the instruction would have only highlighted the reference. Ibid. The trial court agreed with that reasonable request, and we held that there was no reversible error in that decision. Ibid. We also rejected defendant's other arguments and affirmed his convictions and sentence. Id. at 13-14.

The New Jersey Supreme Court denied defendant's petition for certification. State v. Sanchez, 241 N.J. 344 (2020). Several months later, in November 2020, defendant filed a petition for PCR. He was assigned counsel,

and the PCR court heard oral argument on defendant's petition. On June 30, 2022, the PCR court issued an order and written opinion denying defendant's PCR petition.

In its written opinion, the PCR court addressed each of the arguments defendant raised in his petition and found that defendant had failed to establish a prima facie showing of ineffective assistance of either trial or appellate counsel. In rejecting defendant's claim that his appellate counsel on his direct appeal was ineffective, the PCR court reasoned that we had thoroughly considered defendant's arguments about the references to drugs and gangs in the interrogation statement admitted into evidence at the jury trial. The PCR court also found that defendant was not entitled to an evidentiary hearing.

On this appeal, defendant repeats one of the arguments he made to the PCR court. He articulates that argument as follows:

> AS DEFENDANT HAD PRESENTED A PRIMA FACIE CASE THAT APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT FULLY ARGUING ON DIRECT APPEAL THAT THE ERROR TO ADMIT THE IRRELEVANT AND PREJUDICIAL DISCUSSIONS IN THE INTERROGATION OF THE DEFENDANT WERE NOT HARMLESS, AND THERE WAS A GENUINE ISSUE OF MATERIAL FACT IN DISPUTE, THE PCR COURT ERRED WHEN IT DENIED THE CLAIM WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING.

A-3680-21

When a PCR court does not conduct an evidentiary hearing, appellate courts review the denial of a PCR petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

Having conducted a de novo review, we agree with the PCR court that defendant did not satisfy the Strickland test. See Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey). Defendant argues that the evidence against him was not as strong as we believed in holding that there was no reversible error. He points out that the gun used to kill the victim was not found, there was no DNA evidence recovered, and multiple people had entered and exited the apartment where the murder took place. We were fully aware of those facts when we concluded that the evidence against defendant was strong. Those contentions do not undercut the eyewitnesses' testimonies against defendant. One of those eyewitnesses was sitting by the victim when defendant shot the victim. Although that witness did not see defendant fire the shot, he turned and

saw defendant holding the gun. Another witness was in another room when he heard the shot, but when he went outside the apartment, he saw defendant holding a gun. Accordingly, defendant's arguments concerning the alleged ineffective assistance of his appellate counsel lacked merit.

Having failed to establish a prima facie showing of ineffective assistance of counsel, defendant was not entitled to an evidentiary hearing. See State v. Porter, 216 N.J. 343, 355 (2013); R. 3:22-10(b).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3680-21